CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 10 2012

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OSAMA MAHMUD MUSTAFA,<br>  Aka "Sam Mustafa"<br>KHALDOUN KHALIL KHAWAJA,<br>  Aka "Tony Khawaja"<br>MUAWIA KHALIL ABDELJALIL,<br>  Aka "Mike Jalil" | Criminal No. 7:12CR00032<br><br><br>SEALED |

## SUPERSEDING PROTECTIVE ORDER

WHEREAS, a federal grand jury of this District having returned a Superseding Indictment charging Defendants with violations of 18 U.S.C. §§ 371, 1349, 1956, 1344, and 1014, and 31 U.S.C. § 5324, and also alleging the forfeiture of certain assets to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. 28 U.S.C. § 2461; and 18 U.S.C. § 982(a)(2);

AND WHEREAS, the United States having moved *ex parte* for a Superseding Protective Order pursuant to 21 U.S.C. § 853(e)(1) and 28 U.S.C. §§1355 and 2461(c), to preserve the status quo and prevent the defendants and others from alienating, encumbering, or wasting forfeitable property and substitute assets;

NOW THEREFORE, IT IS THE ORDER of this Court, for good cause shown, that this Protective Order issue on the following terms and conditions:

1. **The following persons are hereby RESTRAINED, PROHIBITED and ENJOINED:**

a. Defendants Mustafa, Khawaja, and Abdeljalil individually, and as an officer, owner, or registered agent of any business entity, regardless of operating form, as well as his agents, servants, employees, family members, heirs, and those persons in concert or participation with him;

b. All attorneys and other persons and entities acting for or in concert with the above-named individual and/or business entity;

c. All persons and entities who may be entitled to possession of any portion of the properties restrained herein, whether by virtue of a claim of title, security interest, lien, judgment, contract, beneficiary interest, or any other legal or equitable basis; and

d. All persons, financial institutions or other entities, wherever located, with knowledge of this Court's Protective Order and in possession or control of any real property, funds, interests, accounts, deposits, records, or other personal property relating to, or the product of, any of the below described properties, including the rents and profits due in any way to the above-named defendant and/or entity:

from attempting or completing or causing any action or transaction that would affect the marketability, value, or availability of forfeitable property, including but not limited to selling, assigning, pledging, distributing, encumbering, wasting, secreting or in any way transferring or disposing of, or removing from the jurisdiction of this Court, all or any part of their interest, direct or indirect, in any and all property, including, but not limited to, bank and investment accounts, safe deposit boxes, cash, real property, personal property, and the known assets identified in Attachment A.

### Duties of Financial Institutions and Lienholders

2. Any financial institutions holding any financial accounts listed in Attachment A, as well as any accounts under the name of or control of the defendants and other persons named above, by whatever name known, or under the name of known family members or entities under their control on behalf of defendants, shall:

      a. Identify said accounts by name of account holders, account number, and status of account, including account balances upon request of the United States;

      b. Freeze the contents of any financial accounts as described in Attachment A in place and not permit any off-sets or the withdrawal of any amount from the accounts by anyone except by Order of this Court or as authorized in writing by the United States pursuant to this Order; and

      c. While the contents of the accounts are frozen, continue to accrue any deposits, interest, dividends, and any other amount credited to the account.

3. Any financial institution and/or person, holding liens or mortgages on any property subject to this Protective Order, are required to respond promptly to requests by the United States for information as to the status of the liens, mortgages or other encumbrances.

## Protection of Real and Personal Property

4. The Defendants and agents shall maintain the present condition of the assets, obtain and maintain sufficient insurance on any real property, and make timely payment of liens, mortgage payments, outstanding payments, interests and fees due, insurance, utilities, taxes and assessments, and provide verification as reasonably requested that these requirements have been met, until further order of this Court.

5. The Defendants and agents shall disclose to the Government the terms of any and all rental and/or lease agreements, including the amount paid for use of the real and personal property, frequency of payment, and any other rental terms. If any real or personal property is currently under lease, the Defendants and agents shall then:

      (a) Pay the monthly rental fee established by the Defendants and/or agents into an approved account for the duration of the tenancy, pending the conclusion of this action.

(b) Provide the Government with notice of any changes in or adoption of new rental terms.

(c) Give 20 days' notice to the Government if the tenant intends to terminate the lease.

6. If the real and personal property is not maintained as ordered, or payments required above not made, the United States may move the Court for an order to sell the property.

## Entry for Assessment of Real and Personal Property

7. To preserve and determine the availability of real and personal property for forfeiture and to marshal assets, the United States Marshals Service, or its designee, upon notice to the owner or occupant, unless entry is made through other lawful means, is hereby authorized to:

(a) Enter the real property described in Attachment A, including any structures, during the initial 30 days following entry of this Order, for the purpose of conducting an inspection and inventory and appraisal of the real property and any personal property contained within; and

(b) Be accompanied on any such occasion by any appraiser selected by it for the purpose of appraising the condition and value of the real and personal property, which appraisal may include still and video photography; and

(c) Be accompanied on any such occasion by any government and contract personnel selected by it for the purpose of conducting an inspection and inventory of the real and personal property, which inspection may include still and video photography; and

(d) Be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of personnel acting under this Order.

(e) To seize assets as necessary to preserve assets from waste and disposal.

## Assessment of Businesses and Assets

8. To conduct an assessment of the businesses listed for forfeiture and to marshal their assets, the United States Marshals Service (USMS), or its designee, is hereby authorized to:

(a) Enter the business entities to conduct both a thorough review of the operations

of such business entities, and to complete an inspection, inventory, and appraisal of the condition and value of the business entities; and

(b) Be accompanied on any such occasion by any appraiser selected by it for the purpose of appraising the condition and value of the real and personal property, which appraisal may include still and video photography; and

(c) Be accompanied on any such occasion by any government and contract personnel selected by it for the purpose of conducting an inspection and inventory of the real and personal property, which inspection may include still and video photography; and

(d) Be accompanied on any such occasion by any federal, state, and local law enforcement officers selected by it to ensure the safety of personnel acting under this Order.

9. In conducting the review and appraisal, the USMS shall have the following authority:

(a) To enter all premises and offices to observe and undertake the performance of all aspects of the operations of the business entities, including but not limited to the daily accounting, recording, depositing, and processing of cash and other receipts; payments of salaries, bills and other business obligations, including payment of all taxes; communications with and solicitations of customers and potential customers; communications with vendors and potential vendors; and communications by and between all officers, directors, managers, independent contractors, employees and agents of the business entities related to the operation of the business entities.

(b) To review, inspect, and copy all documents and data relating to the operation of the business entities, including all books and records and data, whether in hard copy, film, or electronic format (whether or not password protected) on site or in remote locations (including being provided passwords for online access to financial records); the contents of all correspondence on file; the contents of all incoming mail and all mail-receipt locations, all offices, and all leased or owned Post Office and other mail depositories; all employee records including personnel files, payroll, benefit, pension, and retirement account records; all customer data, including lists, contracts and locations, billing accounts, and accounts receivable; all inventory, vehicle, and equipment records; all licenses and permits; all bank and financial records; and all records of loans, debts, mortgages, liens, or other security interests, held upon any equipment, inventory, vehicle, account, account receivable or other thing of value belonging to the business entities.

(c) To interview and obtain documents from managers, employees, independent contractors, and CPAs/tax preparers of the business entities with respect to business operations, notwithstanding any claim of state privilege.

(d) To determine the location of assets through all lawful means, including the

use of any pre-installed GPS locator or other means.

(e) To seize assets located on-site and off-site of the business premise, including but not limited to assets in the possession of customers, service providers, or other third-parties, as necessary to preserve assets from waste and disposal.

(f) To authorize debits for urgent/immediate expenditures (*i.e.* utilities owed, rent; customer refunds, etc.), during the review process, if the USMS deems those debits to be in the interest of justice. Any such authorization shall be provided in writing to the person or entity controlling the funds.

10. At any time during its business review, the United States may recommend modifications to this Order deemed necessary in order to: (1) preserve the availability and value of the assets; and (2) assure that any continued operation of the business is conducted in a lawful manner.

## Other Provisions

11. If any of the property listed in Attachment A has been or is transferred or disposed of, the Defendants shall account to the Court for the disposition and location of the property, in whatever form. This Protective Order shall apply with equal force and effect to restrain the further transfer or disposition of those asset(s) and/or their proceeds. Violation of this order may also be punishable as contempt.

12. The United States, and/or its designee, shall serve copies of this Order upon the named Defendants and, to the extent practicable, other applicable persons and entities. The Defendants are to cooperate and facilitate the service of this Order upon all persons and entities who fall within its terms.

13. Any interference with anyone acting under the authority of this Order shall be deemed a violation of this Order and may be punished as a contempt, as a violation of 18 U.S.C. § 2232, or as otherwise provided by law.

14. The United States may exercise its discretion to release assets from the terms of this Order as necessary in the interest of justice, so long as any such release is in writing.

15. This Order and Application shall remain sealed until such time as the Indictment is unsealed.

16. This Order shall remain in effect until any modification by the Court as necessary in the interest of justice.

So ORDERED this 10th DAY OF MAY, 2012.

_____
UNITED STATES DISTRICT JUDGE