IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Criminal Action No.: 7:12-CR-32-002 |
| | ) | |
| v. | ) | |
| | ) | |
| **OSAMA MAHMUD MUSTAFA,** | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| **Defendant.** | ) | |

# REPORT AND RECOMMENDATION[1]

This matter is before the court on the Government's Motion for Declaration and Judgment of Forfeiture of Appearance Bond (Dkt. No. 279) and the Sureties' Motion to Set Aside Bond Forfeiture, filed on behalf of Muna Adil Al-Aseer, individually, and as a trustee for the Muna Adil Al-Aseer Revocable Trust (Dkt. No. 290). The Government asks in its motion that the court enter judgment forfeiting defendant Osama Mahmud Mustafa's $50,000 appearance bond and collateral posted for the bond to the United States pursuant to Federal Rule of Criminal Procedure 46(f).

The court ordered the appearance bond of Mustafa forfeited because of his failure to appear for a scheduled court hearing on August 30, 2013. (Dkt. No. 285). The court took under advisement what amount, if any, of the forfeiture amount to set aside pursuant to Fed. R. Crim. P. 46(f)(2). The government and Muna Adil Al-Aseer, both individually and as trustee of the Muna Adil Al-Aseer Trust (collectively referred to as "Al-Aseer") appeared at the hearing on the

---

[1] The legislative history of the Federal Magistrates Act makes clear that a magistrate judge may order the forfeiture of bond in a criminal case pursuant to an assignment of "additional duties" under §28 U.S.C. §636(b)(3). Gomez v. United States, 490 U.S. 858, 869, 109 S. Ct. 2237, 2244, 104 L. Ed. 2d 923 (1989). There appears to be no record of assignment of any additional duties in this case, although Mustafa is alleged to have violated the conditions of release established by this court. The Fourth Circuit has not addressed the issue, but given that the Ninth Circuit has held that a forfeiture ordered by a magistrate judge is valid if adopted by the district court, I am issuing a report and recommendation rather than an order. United States v. Plechner, 577 F.2d 596, 598 (9th Cir. 1978).

pending motions regarding the remittance of the forfeited bond on October 1, 2013. Having reviewed the pleadings, heard the evidence, and reviewed the appropriate case law, I find that the interests of justice do not require remittal of any bond amount and that forfeiture of the bond shall be in full, and accordingly, **RECOMMEND GRANTING** the government's motion for forfeiture of the bond (Dkt No. 279) and **DENYING** the motion of Al-Aseer to Set Aside the Bond Forfeiture (Dkt. No. 290). I further **RECOMMEND STAYING** execution of the judgment to permit substitution of alternative, more liquid assets to satisfy the judgment should Al-Aseer prefer to do so.

**Procedural Background**

Mustafa was charged in a Superseding Indictment on May 10, 2012 with conspiracy to defraud the United States, conspiracy to commit bank fraud, and conspiracy to commit money laundering (Dkt. No. 29). Five days later, Mustafa was arrested in the Middle District of Florida and was brought before a U.S. Magistrate Judge in that district for an initial appearance pursuant to Rule 5(c)(3) of the Federal Rules of Criminal Procedure. The magistrate judge set a secured bond in the amount of $50,000. Mustafa was unable to post the required secured bond, and was transferred to this court in the custody of the U.S. Marshal. (Dkt. No. 56).

On June 15, 2012, Mustafa appeared before this Court for an initial appearance and arraignment. Mustafa made a motion for bond to be set as it was in the Middle District of Florida. The court held a telephone conference call with counsel regarding the security for Mustafa's bond on June 21, 2012 (Dkt. No. 74), and on June 27, 2012, after mutual agreement by the parties, this court set Mustafa's conditions of release (Dkt. No. 93). The court ordered that Mustafa "must appear in court as required" and that Mustafa execute an Appearance Bond in the amount of $50,000, which Al-Aseer co-signed in her individual and trustee capacity. (Dkt. No.

94). As security for the bond, Al-Aseer posted property located at 305 Locha Poka Drive, Maryville, Tennessee 37803. (Dkt. No. 95).

A jury found Mustafa guilty on all three counts in the indictment on April 19, 2013, and Mustafa was allowed to remain free on bond pending sentencing. On August 5, 2013 the Government filed a Motion to Revoke Conditions of Release, predicated upon allegations that Mustafa threatened material witnesses in the case in violation of his conditions of release (Dkt. No. 260). A hearing on the Government's Motion to Revoke Conditions of Release was set for August 30, 2013.

On August 28, 2013, U.S. Probation Officer Jennifer K. Williams submitted a Petition for Action on Conditions of Pretrial Release to the court, stating that Mustafa's GPS tracking device had been tampered with and appeared idle in a wooded area off of Interstate 10 in Florida. Mustafa was also unresponsive to Probation's attempts to contact him. As a result, the court ordered a warrant for Mustafa's arrest (Dkt. No. 272).

On August 30, 2013, the Government filed a Motion for Declaration and Judgment of Forfeiture of Appearance Bond, based upon Mustafa's likely failure to appear at the hearing scheduled for that afternoon. (Dkt. No. 279.) That same day, the court held the hearing on the Government's motion, at which Mustafa did not appear. At the conclusion of the hearing, the court found that Mustafa violated the terms of his bond based upon his failure to appear at the court hearing. The court issued an order granting in part and taking under advisement in part the Government's Motion for Declaration and Judgment of Forfeiture of Appearance Bond (Dkt. No. 285). The Court ordered the $50,000 bond and collateral forfeited pursuant to Rule 46(f)(1). A hearing was set for October 1, 2013 to address what amount of the bond forfeiture would be set

aside or remitted pursuant to Rule 46(f)(2) and the Government's Motion for a Default Judgment pursuant to Rule 46(f)(3).

**Evidentiary Hearing**

At the October 1, 2013 hearing, the court heard testimony from Al-Aseer, who testified that she was an occupational therapist living alone in Tampa, Florida and had become friends with Mustafa's wife, Eklas Mustafa, prior to the present criminal proceedings. Mustafa was unable to post the required secured bond set in the Middle District of Florida, so his wife approached Al-Aseer about posting the bond. Al-Aseer agreed, securing the $50,000 bond with property owned by the Muna Adil Al-Aseer Revocable Trust in Tennessee. Al-Aseer is not related to Mustafa and did not know Mustafa well at the time she posted the property to secure the bond. Al-Aseer testified that she was led to believe Osama Mustafa was innocent, and that she posted the bond to help Eklas Mustafa and her family from falling apart. Al-Aseer testified that she did not speak with Osama Mustafa prior to signing the bond paperwork, although his attorney at the time, Linda Moreno, explained the consequences of Mustafa failing to comply with his conditions of release, including the risk of forfeiture if Mustafa did not come to court when required.

Al-Aseer testified that she has had recent health problems related to tremors, her memory, and her heart, and that she helps take care of her disabled brother who lives with his wife nearby in Florida. Furthermore, Al-Aseer testified that she is now working part-time, and that she has a work retirement account.

The property posted by Al-Aseer is located at 305 Locha Poka Drive, Maryville, Tennessee 37803. Al-Aseer testified that she intended to retire to this property, and that it is currently subject to a mortgage of approximately $50,000 and has a current tax assessed value of

4

approximately $156,500.00. The mortgage payments are paid through rental income of $950 per month. At the hearing, Al-Aseer testified that her home outside of Tampa, Florida, which she also owns solely in her own name, was appraised at $169,000 and also subject to a mortgage of an unknown amount.

Al-Aseer additionally testified regarding property owned by two other entities, Muna Al-Aseer, LLC ("LLC") and the Muna Al-Aseer Trust ("Trust"). Al-Aseer testified that she and her disabled brother are the sole members of the LLC, but that 100% of the income for this company is reported to her annually. The LLC owns numerous properties in Tennessee which are mortgaged. Al-Aseer was not clear on the equity value of the various parcels of real property held by the LLC. Many of the properties, however, are income producing through rental agreements.

Al-Aseer stated that she had not had contact with Osama Mustafa since posting the bond, and that she made no effort to ensure Mustafa's compliance with his terms of release. After being notified that Mustafa had absconded, she has not made any effort to in locating him beyond speaking to his wife.

Deputy Marla O'Brien of the U.S. Marshals testified on regarding the resources expended by the government attempting to apprehend Mustafa since he failed to appear on August 30. Deputy O'Brien has worked 8-12 hour days developing information on Mustafa's whereabouts. U.S. Marshals resources from out-of-state have assisted in the matter, as well as other federal agencies like the Federal Bureau of Investigation (FBI). The investigation remains ongoing.

**Analysis**

Rule 46(f) states that upon breach of a condition of bond, the court must declare the bond forfeited. Under Rule 46(f)(2), "the court may set aside in whole or in part a bail forfeiture upon

any condition the court may impose if…(B) it appears that justice does not require bail forfeiture." The issue of whether a bond forfeiture should be set aside or remitted in the interests of justice is entrusted to the sound discretion of the district court. United States v. Mizani, 605 F.2d 739, 740 (4th Cir. 1979). Several factors are to be considered by the court in determining whether to set aside the forfeiture, including the "expenses incurred by the Government and the appropriateness of the amount of the bond…the willfulness of the defendant's breach of the bond's conditions, the participation of the bondsman in re-arresting the defendant, and the prejudice suffered by the Government." Id. (citing United States v. Kirkman, 426 F.2d 747 (4th Cir. 1970) and United States v. Nell, 515 F.2d 1351, 1353 (D.C. Cir. 1975)).

In considering the totality of the evidence and circumstances of this case, I find that the appropriate factors weigh toward entering judgment on the entire forfeiture amount. Mustafa committed a willful breach in defiance of the court's conditions of release by tampering with his GPS tracking device and evading justice by failing to appear for his sentencing. "The purpose of a bail is to secure the presence of the defendant at trial." United States v. Kirkman, 426 F.2d 747, 752 (4th Cir. 1970). Moreover, "if a violation of a condition of release is more than technical, the court may require a substantial forfeiture to deter not only the defendant but others from future violations." Jeffers v. United States, 588 F.2d 425, 427 (4th Cir. 1978)(citing United States v. Agueci, 379 F.2d 277, 278 (2d Cir. 1967). This is not a technical breach of conditions; the essential function of bond is frustrated when a defendant willfully fails to appear as required by the court. This factor weighs heavily in favor forfeiting the entirety of the bond.

With regard to the appropriateness of the amount of bond, Mustafa was granted release on a $50,000 secured bond pending trial for a fraud conspiracy with a total loss near $18 million. The bond amount was fair, not punitive, and not ordered for the purpose of enriching the

Government. Nothing on these facts suggests that forfeiture of the $50,000 bond on the basis of its amount is inappropriate.

The evidence also shows that a considerable amount of time and resources has been spent by the U.S. Marshals and other agencies pursuing Mustafa after he fled. However, the prejudice to the Government is more than the resources expended in seeking his apprehension. By failing to appear for sentencing, Mustafa has evaded justice and deprived society of attaining all of the goals of punishment, including retribution, deterrence, incapacitation, and rehabilitation. See 18 U.S.C. §3553. Therefore, the expenses incurred and prejudice factors also weigh in favor of forfeiture.

Al-Aseer admittedly has done nothing to assist authorities in locating and apprehending Mustafa, having little information and contact with Mustafa from the beginning. Al-Aseer is not a professional bondsman and is not being held to that standard; however, no evidence suggests that she has made any effort to provide information regarding Mustafa's location. I do not weigh this factor heavily in my decision, but to the extent that it is a relevant factor in the discretionary standard, it weighs in favor of forfeiture.

Finally, in determining whether the interests of justice require remittal, this court finds that the hardship of forfeiture on Al-Aseer is outweighed by the foregoing factors supporting forfeiture. The court recognizes that Al-Aseer takes care of her disabled brother and has health problems of her own. However, the court finds that Al-Aseer's other resources render the impact of forfeiture less than severe. Al-Aseer owns two houses in her name or as trustee, receives income as co-shareholder in the LLC which owns numerous real estate properties, and is the trustee of a revocable trust that also owns real property. She continues to be employed as an occupational therapist, albeit part-time, with health insurance and a retirement account. It does

not appear that forfeiture of $50,000 would cause Al-Aseer financial distress that would outweigh the Government and court's interest in forfeiture.

When deciding whether to release a defendant on a secured bond, at issue is whether the surety is capable of exercising such "moral suasion" over Mustafa so as to assure his appearance and compliance with his terms of release. <u>United States v. Hammond</u>, 204 F. Supp. 2d 1157, 1166 (E.D. Wis. 2002)(citing <u>United States v. Batista</u>, 163 F. Supp. 2d 222, 226 (S.D.N.Y.2001)). In this case, the Surety Agreement, signed by Al-Aseer, states that:

> I, Muna Adil Al-Aseer, declare under penalty of perjury, that my net worth is at least $50,000.00 and that I have read and understand this two-page information sheet. I further understand that by signing the appearance bond and this information sheet, I will be responsible for the defendant's appearances in court and the defendant's compliance with all conditions of release as ordered by the court. *If the defendant does not appear or comply with the conditions of release, I will be required to pay the amount of the bond, any security I have posted may be taken by the Government, and a judgment may be entered against me*. If judgment is entered against me, a judgment lien will be filed…

Dkt. No. 95, p. 2 (emphasis added).

Al-Aseer indicated in her hearing testimony that she indeed read the provisions of the surety agreement and Mustafa's counsel explained the risk of forfeiture in the event of Mustafa's noncompliance. Al-Aseer consciously assumed responsibility for Mustafa's appearance at proceedings and compliance with his other conditions of release, knowing the distinct possibility that her property would be forfeited upon violation.

**<u>Conclusion</u>**

After considering the totality of the evidence before the court, I find that justice does not require a set-aside or remittal of the $50,000 forfeiture amount. It is **RECOMMENDED** that an order be entered **DENYING** Al-Aseer's Motion to Set Aside Bond Forfeiture and **GRANTING** the United State's Motion for Default Judgment.

8

However, given the Government's expenses associated with the sale of the encumbered Tennessee property and the potential availability of more liquid assets of Al-Aseer, I **RECOMMEND STAYING** any effort by the government to execute on the default judgment for a period of 14 days to allow for substitution of alternative assets to satisfy the judgment.

**Notice to Parties**

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(C): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judgment may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

Entered: October 8, 2013

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge