CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 0 2 2014

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal No. 7:12-cr-00032** |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | **By: Samuel G. Wilson** |
| **OSAMA MAHMUD MUSTAFA.** | ) | **United States District Judge** |

On May 10, 2012, a grand jury returned a second superseding indictment, charging Osama Mahmud Mustafa with conspiring to commit one or more offenses against the United States in violation of 18 U.S.C. § 371; conspiring to commit bank fraud in violation of 18 U.S.C. § 1349; and conspiring to commit money laundering in violation of 18 U.S.C. § 1956(h). Mustafa elected to proceed to trial. A jury found him guilty of all of the offenses alleged, and the court permitted Mustafa to remain on bond pending his sentencing hearing. Before his sentencing, Mustafa cut off his monitoring bracelet and fled from his residence in Florida, and he remains a fugitive. The government has filed a motion requesting that the court sentence Mustafa *in absentia* pursuant to Federal Rule of Criminal Procedure 43.

A criminal defendant is generally entitled to be present during every stage of the trial, including sentencing. Fed. R. Crim. Pro. 43(a). But a non-capital defendant who was initially present at trial waives the right to be present at sentencing when he voluntarily absents himself. Fed. R. Crim. Pro. 43(c)(1). If that occurs, the trial "may proceed to completion," including "sentencing [] during the defendant's absence." Fed. R. Crim. Pro. 43(c)(2).[1] Various courts,

---

[1] According to the Rule 43 Advisory Committee Notes a defendant who is initially present at trial "but who voluntarily flees before sentencing, may nonetheless be sentenced in absentia." The Notes also state: "The right to be present at court, although important, is not absolute. The caselaw, and practice in many jurisdictions, supports the

including the United States Supreme Court and the Fourth Circuit, have interpreted Rule 43 to permit a district court to sentence a non-capital defendant *in absentia* when the defendant appeared at trial, but absconds before sentencing. See Crosby v. United States, 506 U.S. 255, 258–59 (1993); United States v. Lawrence, 248 F.3d 300, 304 (4th Cir. 2001) ("The voluntary waiver exception in Rule 43(b)(2) likewise encompasses the situation where a defendant impliedly waives his right to be present by absconding before sentencing."); United States v. Jordan, 216 F.3d 1248, 1248–49 (11th Cir. 2000) (affirming district court's sentence *in absentia* of a defendant who pled guilty to a drug offense and escaped from detention before sentencing); United States v. Fato, 208 F.3d 210, 2000 WL 285413, at *1 (4th Cir. 2000) (unpublished) (holding the district court "had jurisdiction to sentence [the defendant] in his absence" even though the defendant absconded before sentencing); United States v. De Prima, 165 F.R.D. 61, 64 (E.D. Va. 1996) (accord).

It is clear that Mustafa, although present at trial, voluntarily absented himself before his sentencing hearing. There is no doubt that he has waived his right to continued presence at his sentencing hearing and it would be proper to sentence him *in absentia*. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the government's motion requesting that the court sentence Mustafa *in absentia* (ECF 321) is **GRANTED**.

**ENTER**: June 2, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

proposition that the right to be present at trial may be waived through, inter alia, the act of fleeing."