# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 7:12CR00032 |
| : | |
| OSAMA MAHMUD MUSTAFA : | |
| : | |

## UNITED STATES' RESPONSE TO MOTION FOR COMPASSIONATE RELEASE

Osama Mahmud Mustafa, Reg. No. 56802-084, seeks a reduction in sentence due to the coronavirus outbreak. ECF No. 384. Musafa has exhausted his administrative remedies, but has not met his burden of showing extraordinary or compelling circumstances warranting release. Additionally, the factors under 18 U.S.C. § 3553(a) do not support his early release. For these reasons, the Court should deny this motion for compassionate release.

## BACKGROUND

### 1. Criminal History

A grand jury indicted Mustafa on May 10, 2012, charging him with, among other things, mail fraud, bank fraud, and conspiracy. After a five day trial, a jury convicted Mustafa of these offenses, and he was left on bond pending sentence. Thereafter, Mustafa fled the country, but on June 24, 2014, he was sentenced *in absentia* to a term of incarceration of 240 months. ECF No. 330. Many years later, in 2019, he was found in Jordan, and was extradited to the United States and began to serve his sentence in October, 2019. Not even a year later, Mustafa filed his original motion for compassionate release. ECF No. 380.

A Pre-Sentence Investigation Report ("PSR") was prepared in advance of Mustafa' sentencing, and the probation service determined in that report that Mustafa was responsible for

1

defrauding the United States of somewhere between $15 and $17 million based on the cashing of false or forged treasury checks. This, combined with Mustafa' criminal history category of I lead to a guidelines sentencing range of 188-235 months of incarceration. The Court varied above this sentencing range to impose the instant 240 month sentence.

Mustafa' release date has been recalculated since the release date displayed on the Bureau of Prisons documentation did not take into account the fact that he absconded and was not actually serving time between 2013 and 2019. His corrected release date is August 2, 2036. Mustafa is currently being held at FCI Petersburg.

### 2. Health Status

Mustafa does not claim any particular medical maladies. He worries that he is more vulnerable to COVID because he is 57 years old. The worst thing to be seen in his medical records is that his feet swell. Neither of these are significant enough to create an exceptional and compelling circumstance, neither obstruct his ability to care for himself in a prison setting, and so neither provide a basis for release.

### 3. Procedural Posture

To the government's understanding, Mustafa has exhausted his administrative remedies within the BOP for compassionate release. Pursuant to 18 U.S.C. § 3582(c), Mustafa can now seek relief from this Court.

## ARGUMENT

The compassionate release statute, as amended by the First Step Act on December 21, 2018, provides:

> [The] court may not modify a term of imprisonment once it has been imposed except . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds . . . extraordinary and compelling reasons warrant such a

> reduction [and] such a reduction is consistent with applicable policy
> statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court relies on the United States Sentencing Commission for "what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission's policy statement instructs the Court to grant compassionate release only if "extraordinary and compelling circumstances [exist] after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and if "the defendant is not a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13.

1. **The Government Does Not Contest Exhaustion of Administrative Remedies**

Although the Court lacks jurisdiction to grant compassionate release unless "the defendant has fully exhausted all administrative [remedies]," 18 U.S.C. § 3582(c)(1)(A), the Government does not contest jurisdiction in this case, and does not dispute Mustafa has adequately exhausted administrative remedies.

2. **The Defendant Has Not Established Extraordinary and Compelling Circumstances Justifying Release**

One of the "extraordinary and compelling reasons" potentially justifying compassionate release is when a "defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." USSG § 1B1.13 cmt. n.1.

The CDC has identified risk factors placing individuals at higher risk of severe outcomes from COVID-19. These risk factors were updated in June 25, 2020, and now indicate people of

3

any age with the following conditions are at increased risk of severe illness from COVID-19:

- Chronic kidney disease
- COPD (chronic obstructive pulmonary disease)
- Immunocompromised state (weakened immune system) from solid organ transplant
- Obesity (body mass index [BMI] of 30 or higher)
- Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
- Sickle cell disease
- Type 2 diabetes mellitus

Available at: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited 6/9/2020).

The CDC has added a separate list of conditions that <u>might</u> increase the risk of severe illness from COVID-19:

- Asthma (moderate-to-severe)
- Cerebrovascular disease (affects blood vessels and blood supply to the brain)
- Cystic fibrosis
- Hypertension or high blood pressure
- Immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines
- Neurologic conditions, such as dementia
- Liver disease
- Pregnancy
- Pulmonary fibrosis (having damaged or scarred lung tissues)
- Smoking
- Thalassemia (a type of blood disorder)
- Type 1 diabetes mellitus

4

*Id.*

There are several notable changes to the CDC guidance: Obesity is now an automatic risk factor if the person's BMI is over 30 instead of 40; "asthma (moderate-to severe)" is no longer an automatic risk factor but is now only a possible risk factor; "hypertension or high blood pressure," "neurologic conditions, such as dementia," and "smoking" are added as possible risk factors. A condition on CDC's list of conditions that <u>might</u> increase risk does not by itself qualify as an extraordinary and compelling reason that would permit consideration for compassionate release. The full collection of circumstances must always be individually assessed, and the defendant has the burden to show the "rare" and "extraordinary" circumstances meeting the test for compassionate release. *See United States v. Brewington*, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019) (Jones, J.);[1] *United States v. Willis*, 2019 WL 2403192, at *3 (D.N.M. June 7, 2019); *United States v. Gutierrez*, 2019 WL1472320, at *2 (D.N.M. Apr. 3, 2019).

In this case, Mustafa does not claim to suffer from any of the items on the list of known risk factors. As such, he fails to show any reasons for his release, let alone any that would rise to the level of extraordinary and compelling.

### 3.    The § 3553(a) Factors Weigh Against a Sentencing Reduction

The Court must "consider[] the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). The Court should not reduce a sentence under any circumstances if the defendant's release would pose "a danger to the safety of any other person or to the community." U.S. Sentencing Guidelines Manual § 1B1.13.

In this case, Mustafa should not be released because he is a tremendous flight risk. He fled the country after being convicted at trial, and did not return of his own volition. Rather, roughly

---

[1] Internal quotation marks and citations omitted throughout.

seven years after his conviction, he was found in Jordan, and extradited to begin serving his sentence. When he says that he would now like to go and serve the remainder of his sentence by staying in his daughter's house in Florida, it is hard to take him seriously. This, if nothing else, should be the end of Mustafa's quest for compassionate release. As well, his fraud scheme was a massive one, stealing millions and millions of dollars from the United States. It was not a petty matter.

Even giving full credit for good conduct time, Mustafa has served a very small portion of his sentence. Indeed, he has only been in the Bureau of Prisons for less than a year as of the time of this filing. Weighing this miniscule amount of time served against the 240 month sentence that he was given strongly suggests that the purposes of sentencing Mustafa have not yet been met. Accordingly, in light of his protracted flight and absence, and the totality of relevant circumstances, this Court should deny Mustafa's motion for a sentence reduction.

In summary, the Court should deny this motion for compassionate release because the § 3553(a) factors fail to support any reduction and do not outweigh the concerns raised by the COVID-19 pandemic. As such, Mustafa cannot carry his "burden of establishing that compassionate release is warranted." *United States v. Vazquez-Ahumada*, No. 5:18CR5, slip op. at 6 (W.D. Va. May 13, 2020) (Dillon, J.).[2]

## CONCLUSION

For the foregoing reasons, the Government respectfully requests the Court deny the motion.

---

[2] If the Court grants this motion, the United States requests a 14-day quarantine and confirmation of an approved home plan to minimize the risk to the public.

Respectfully submitted,

THOMAS T. CULLEN
United States Attorney

/s/ *R. Andrew Bassford*
R. Andrew Bassford
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2020, I have electronically filed the foregoing United States' Response to Motion for Compassionate Release with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

s/R. Andrew Bassford
Assistant United States Attorney