IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:12-cr-32 |
| v. ) | |
| ) | |
| OSAMA MAHMUD MUSTAFA, ) | By:   Michael F. Urbanski |
| Defendant. ) | Chief United States District Judge |

**MEMORANDUM OPINION**

This matter comes before the court on defendant Osama Mahmud Mustafa's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 380. The Federal Public Defender has supplemented Mustafa's pro se request. ECF No. 384. The government opposes it. ECF No. 390. Because Mustafa has not demonstrated extraordinary and compelling circumstances to justify his release, the court **DENIES** his motion.

**I.**

On April 19, 2013, a jury found Mustafa guilty of (1) conspiracy to defraud the United States in violation of 18 U.S.C. § 371; (2) conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349; and (3) conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). ECF No. 228. Thereafter, Mustafa fled from the United States, but, on June 24, 2014, this court sentenced Mustafa in absentia to 240 months in prison. ECF No. 330. Mustafa was eventually found in Jordan and extradited to the United States in 2019. See ECF No. 384 at 1; ECF No. 390 at 1. Mustafa has been in continuous custody since October 9, 2019. ECF No.

384. He is currently housed at FCI Petersburg and has a projected release date of August 2, 2036.[1]

Mustafa seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a sentence reduction. Although Mustafa does not claim to suffer from any specific medical condition, he states that he is more susceptible to COVID-19 because he is 57 years old. ECF No. 380. His medical records also indicate that Mustafa currently suffers from sleep apnea, astigmatism, presbyopia, gastro-esophageal reflux disease without esophagitis, an inguinal hernia, and edema in his feet. ECF No. 384-2 at 15. Therefore, in addition to his age, the court will consider these conditions when evaluating Mustafa's request. The government opposes any sentence reduction for Mustafa. ECF No. 390. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited Jan. 29, 2021) (search "Osama Mahmud Mustafa").
[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

> supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Mustafa's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors and whether Mustafa is a danger to the safety of the community.

i.  <u>Mustafa has fully exhausted his administrative remedies.</u>

The provision allowing defendants, in addition to the Bureau of Prisons ("BOP"), to bring motions under § 3582(c) was added by the FSA to "increas[e] the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5239 (2018). Before bringing a motion before the district court, a petitioner must first exhaust his administrative remedies. <u>See</u> 18 U.S.C. § 3582(c)(1)(A). A petitioner must satisfy one of two conditions, whichever is earlier: (i) "the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or (ii) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" <u>Id.</u>; <u>see also</u> <u>United States v. McCoy</u>, 981 F.3d 271, 283 (4th Cir. 2020). The first condition requires that the defendant fully exhaust all administrative rights. This means that it is not enough for the warden to respond within 30 days by denying the request for compassionate release. If the warden denies the request within 30 days, the petitioner must then exhaust all administrative appeals through

the BOP. The second condition can only be met after the lapse of 30 days from when the warden received the petitioner's request and has not responded. Though the exhaustion requirement is a mandatory claim-processing rule, the government may waive or forfeit its satisfaction. See United States v. Alam, 960 F.3d 831, 834 (6th Cir. 2020); see also United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Mustafa contends that he has twice sought compassionate release from the warden of FCI Petersburg and did not receive a reply, ECF No. 380, and the government concedes that he has satisfied the exhaustion requirement, ECF No. 390. Thus, the court finds that Mustafa exhausted his administrative remedies.

 ii. <u>Mustafa does not present extraordinary and compelling circumstances to warrant a sentence reduction.</u>

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

The court finds that Mustafa's underlying medical conditions, even in the context of the COVID-19 pandemic, do not present "extraordinary and compelling reasons" to reduce his sentence under Application Note A. Id. at cmt. n. 1(A). "In the context of the COVID-19

outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." United States v. Harper, No. 7:18-cr-25, 2020 WL 2046381, at *3 (W.D. Va. Apr. 28, 2020) (citing United States v. Feiling, 453 F. Supp. 3d 832, 841 (E.D. Va. 2020)). To evaluate an inmate's particularized susceptibility, "the Court examines the Center[s] for Disease Control and Prevention's[, or CDC's] list of risk factors for severe COVID-19 complications." Wilson v. United States, No. 2:11-cr-180, 2020 WL 3315995, at *3 (E.D. Va. June 18, 2020). The CDC's guidance identifies underlying conditions that place individuals at a higher risk of severe outcomes from COVID-19.[3] It "distinguishes between those conditions where available data is strong enough and consistent enough to indicate that individuals with the condition 'are at increased risk' (e.g., obesity), and those where current data is limited or mixed, and thus sufficient only to indicate that an individual with the condition 'might be at an increased risk' (e.g., type 1 diabetes)." United States v. Barnes, No. CCB-12-405, 2020 WL 6450283, at *2 (D. Md. Nov. 3, 2020).

Here, Mustafa does not complain of any specific medical condition, ECF No. 380, but his medical records indicate that Mustafa suffers from sleep apnea, astigmatism, presbyopia, gastro-esophageal reflux disease without esophagitis, an inguinal hernia, and edema in his feet, ECF No. 384-2 at 15. However, the CDC does not recognize any of these conditions as putting Mustafa "at increased risk."[4] In fact, the CDC does not even recognize that any of

---

[3] Centers for Disease Control and Prevention, People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Dec. 29, 2020).
[4] Id.

Mustafa's conditions "might" put him at an increased risk for severe illness.[5] Thus, Mustafa fails to establish that he suffers from any specific risk factor for COVID-19 or that any other extraordinary or compelling reason warrants a reduction in his sentence.

Although Mustafa does not identify any specific medical conditions, he argues that because he is 57 years old, he is at a higher risk of contracting COVID-19. While the court is sympathetic to the risk that COVID-19 poses, "the mere existence of COVID-19 in society . . . cannot independently justify compassionate release." Raia, 954 F.3d at 597. Because the court finds that Mustafa has not demonstrated "extraordinary and compelling" reasons to warrant a sentence reduction under § 3582(c)(1)(A), the court must deny his motion.[6]

### III.

For these reasons, the court **DENIES** Mustafa's motion for compassionate release, ECF No. 380. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: January 29, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.01.29 15:45:51
-05'00'

Michael F. Urbanski
Chief United States District Judge

---

[5] Id.
[6] Because the court finds that Mustafa has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.